the following opinion of this Court was pronounced.
“ The Court not deciding, at present, upon a principle of such general importance, as that under whic : the land in the proceedings mentioned was decreed to be sold, to discharge the claim of the appellees, ;a principle deserving great consideration, and which, in event, may not be necessary to be decided in this cause,) is of opinion that the decree in question is erroneous, in the following particulars : 1st- In proceeding to sell or charge the land now in question, without having directed an account to be taken of all the goods, chattels, rights, and credits of John Shelton, deceased, including tbe remainder in the slaves conveyed in trust, for the use of his wife for life, by the deed among the exhibits ; all of which should be first applied to pay the claim in controversy, before the lands of the said John She: ton should be charged there\vith; liberty being reserved to the appellees, or to any of the devisees, other than the female appellant, to institute an inquiry into her title to the slaves claimed in and by her answer in the proceedings contained.” c'2dly. In so decreeing, without having proceeded against the executor of James Parker, if he left any, or shown that the said James Parker never qualified as the executor of John Shelton, deceased. 3dly. In having proceeded so to de *520 cree, without having made the representatives of John Pendleton parties to the suit, and regularly proceeded, against them, who, or the said John Pendleton, in his lifetime, may have already paid the debt in question, or a part thereof; and whose assistance is, consequently, necessary, to prevent the appellants, possibly, from being compelled to pay the said debt a second time. 4thly. In having charged the appellants, as devisees aforesaid, on the ground only of a judgment obtained against the said John Pendleton; whereas, according to the decision in the case of Mason’s devisees v. Peter’s administrators,(a) a judgment, even against the executors of the said John Shelton, would not have been sufficient for that purpose. 5thly. In having charged the lands of the appellee, Mrs. Foster, solely; whereas, according to the decision last mentioned, the lands of all the devisees, or the money received or claimed in lieu thereof, ought to have borne their ratable proportion of the debt claimed ; and that by a direct decree in the first instance, instead of turning the appellants round to seek a contribution by another suit; and in not holding (if any decree at all were to be made affecting the devisees) the said Wihiam Sheiton ratably liable, as aforesaid, on a. count of the money received for the Goochland lands, and for the annuity upon, and one sixth part of the reversionary interest in, the Hanover land, in discharge of all the said lands, and the interests acquired therein, by the respective purchasers ; (Mrs. Foster included ;) and who, as to the same, having purchased them bona fide, and before the institution of this suit, should not be affected, in relation to the same, by any decree. 6thly. In proceeding so to decree before the infant devisees of the said John Shehon were before the Court, to defend their interests, or had answered and disclosed to the Court, whether any, and what proportion, of their father’s estate had come to their hands, fthly. In admitting the plaintiff, Parke Street, to a participation in the money to be raised by virtue of the decree aforesaid, before he had shown that *521 the bonds or notes, in bis bill mentioned, were such as hound the lands of John Shelton ; and in proceeding to decree in bis favour, without giving the appellants, or the other devisees of John Shelton, an opportunity to show, by the proper proceedings, that the said bonds or notes were paid off to, or otherwise discharged in equity as to, John Trevil/ian, from whom the said Street derived them; on the grounds stated in the answer of the female appellant.”
“ The decree is, therefore, reversed, so far as it is in conflict with the foregoing principle, and affirmed as to the residue: and the cause is remanded to the Court of chaneery to be finally proceeded in.”

 1 Munf. 437.